## Dematteo v. White

*John W. Pollins, 3d,* of *Hammer and Pollins,* for plaintiffs.

*Melvin Bassi, John D. Lyons, Jr.,* and *Cassidy & Lamproplos,* for defendants.

McCORMICK, *J.*, February 28, 1974—This matter comes before the court en banc by virtue of a motion for judgment on the pleadings as filed by counsel for Domer White and the J. N. Rega Supply Company, two of the defendants named in the above-captioned matter.

A statement of the history of this case reflects that plaintiffs herein have brought these causes of action in assumpsit against defendants, Domer White, John Doe, t/d/b/a, J. N. Rega Supply Company, an unregistered fictitious name, Haines Brick, Inc., a corporation, alleging, in substance, a breach of a written contract, breach of express, oral and implied warranty of fitness for specific purpose and breach of express, oral and implied warranties of merchantability on certain building material.

The pleadings revealed that plaintiffs are owners of three separate homes which were constructed by defendant, Domer White, under three separate agreements. The pleadings further reveal that Haines Brick, Inc., one of the defendants, manufactured certain bricks which were a component part of the structures erected by defendant, Domer White, and supplied by defendant, J. N. Rega Supply Company. The pleadings further revealed that plaintiffs selected the bricks at the J. N. Rega Supply Company by sample, which said bricks were shipped, supplied and subsequently used in the construction of the home in question. The complaint filed by plaintiffs alleges that the bricks were defective and more specifically that certain exterior bricks, supplied by defendant for the use in the construction of their respective homes, failed to meet the standards of quality as allegedly warranted by defendants. Plaintiffs further aver and allege that, because of the alleged defect in the

bricks, all three defendants breached an implied warranty of fitness for a specified purpose and for merchantability of the material. Nowhere in the complaint of plaintiffs, as filed, are there allegations that the construction of the homes was defective or done in an unworkmanlike manner.

According to the allegations of the complaint, plaintiffs, Dematteo, alleged tender of delivery of the subject bricks was made not later than October 1, 1965; plaintiffs, Howells, alleged tender of delivery was made not later than June 7, 1966; plaintiffs, Solinski, alleged that tender of delivery was made no later than November 24, 1966. On March 16, 1972, more than four years after tender of delivery of the bricks, plaintiffs commenced this action by filing a joint complaint consisting of three counts against defendants alleging their breach of contract. An answer and new matter was filed on behalf of all defendants by respective counsel and, additionally, defendants, Domer White and J. N. Rega Supply Co., by leave of court, filed an amendment to their answer and new matter. No answer has been filed within 20 days of the date of the filing of the new answer and new matter as amended and, subsequently, defendants, Domer White and John N. Rega Supply Co., filed a motion for judgment on the pleadings which motion is presently before this court. The amended new matter as filed by the two defendants, Domer White and J. N. Rega Supply Company, raises defense of limitation of action under the pertinent statute of limitations provided by the Pennsylvania Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725. Plaintiffs have failed to reply to defendants amended new matter within

the time allowed by Pa.R.C.P. 1026. Therefore, all pleadings in this matter have been closed.

The issues in this matter involved a question as to whether or not the cause of action, as alleged by plaintiffs, are governed by the provisions of the Pennsylvania Uniform Commercial Code and, if so, whether the claims of plaintiffs are barred by the statute of limitations.

The Uniform Commercial Code, 12A P.S. §2-725, provides as follows:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

There is no allegation in the pleadings that the parties have reduced the period of limitation by agreement and, as stated in the act, they may not extend it beyond the four-year period. The act further provides that the breach of warranty occurs, if any, when tender of delivery is made. Although not pleaded in the responsive answers of defendants, tender of delivery was, in fact, made prior to the dates heretofore set forth, but, for the purposes of this case and argument relating to the

motion for judgment on the pleadings, the last date as set forth in the respective agreements of plaintiffs would be admitted by defendants for the purposes of this argument. There is, furthermore, no allegation that warranty, if any, made by defendants was explicit and, therefore, the said warranty would not extend to future performance of the goods.

Although plaintiffs seemingly concede in their brief that defendants' motion for judgment on the pleadings should be granted by virtue of the lapse of the four-year statutory period, they now contend and argue to the court that an action will lie for a breach of contract. However, careful reading of plaintiffs' complaint contains allegations centering completely around a breach of warranty. The only allegation that could be remotely construed as an alleged breach of contract is contained in paragraph 15 of their complaint which states that defendant, Domer White, breached his contract with plaintiffs aforesaid, more particularly, in failing to supply exterior bricks of the highest quality. This language given its literal interpretation can only be construed to be an alleged breach of warranty. At no place in the pleadings have plaintiffs alleged that there was defective workmanship on the part of defendant, Domer White, but that after the installation and application of the bricks, and the bricks only, that the bricks chipped and spalled and that it was the material furnished that became defective. Accordingly, in spite of the fact plaintiffs attach a name such as "breach of contract" to such a situation, they cannot enlarge their cause of action without proper allegations.

Therefore, in view of the foregoing, and in view of the applicable sections of the law as cited above,

this court has no alternative but to enter a judgment on the pleadings on behalf of defendants, Domer White and John N. Rega Supply Company, for the reason that plaintiffs have failed to file suit within the four-year statute of limitations.

The next issue to be determined by this court is the proposition set forth by plaintiffs that the Act of December 22, 1965, P.L. 1183, sec. 1, 12 P.S. §65.1, provides for a 12-year limitation within which to seek damages for any deficiency in a designed planning, supervision or observation of the construction of an improvement to real property. Again, in a careful review of plaintiffs' complaint, nowhere does there appear any allegations that defendant, Domer White, was deficient in his design, deficient in his planning, deficient in his supervision, deficient in his method of observation of the construction of the dwelling houses in question.

The complaint is that, after plaintiffs took possession of the property, the bricks in question began to chip and spall with the weather and, in fact, had related that it was the supply of the exterior bricks which was the basis of defendant White's failure. There is no question in this court's mind the allegations contained in plaintiffs' brief and by the terminology in plaintiffs' pleadings that they have reduced themselves to an action relating to the merchantability of the bricks in question, and that their failure to allege the proper allegations of defective workmanship or deficiency in design, planning, supervision or observation of the construction has limited their cause of action to the four-year period as provided by the code.

In view of the foregoing, we, therefore, enter the following

## DECREE

And now, February 28, 1974, it is hereby ordered, adjudged and decreed that the motion for judgment on the pleadings filed by defendant, Domer White, and defendant, J. N. Rega Supply Company, are hereby granted. (No leave has been requested or granted to Haines Brick Inc., the other defendant involved in this action, to amend its answer and no pleadings have been filed raising an issue of statute of limitations. Accordingly, there is no issue before this court with respect to the action of plaintiffs against defendant, Haines Brick, Inc.)